UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UGOCHUKWU GODFREY ONODU | CIVIL ACTION 1:18-CV-00667 |
| VERSUS | JUDGE DRELL |
| U.S. IMMIGRATION & CUSTOMS ENFORCEMENT | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Background

Petitioner Ugoshukwu Godfrey Onodu ("Onodu") filed a "Petition for Writ of Mandamus and Stay of Deportation Pending Final Review" (Doc. 1), asking the United States Immigration and Customs Service-Administrative Appeals Office ("AAO") to make decisions on his appeals.

Onodu also filed a Motion to Expedite (Doc. 8), asking the Court to rule on his petition on an expedited basis, and an Emergency Motion for Stay of Deportation Pending Final Review (Doc. 9).

II. Law and Analysis

A. Onodu's Motion for Writ of Mandamus should be denied.

Onodu asks the Court to grant a writ of mandamus to compel the United States Immigration and Customs Service-Administrative Appeals Office ("AAO") to make decisions on his two Form I-290B "Notice of Appeal or Motion" (Receipt # EAC-171-

525-0603 and # EAC-171-525-0601). Onodu contends the 180-day deadline for the rulings has passed.

A United States district court has original jurisdiction in the nature of mandamus to compel a United States officer or employee to perform a duty owed to the plaintiff. See 28 U.S.C. § 1361. Mandamus is an extraordinary remedy available only if: (1) the official's duty is nondiscretionary, ministerial, and "so plainly prescribed as to be free from doubt"; (2) the petitioner has a clear right to have that act performed; and (3) no other remedies would adequately vindicate the petitioner's rights. See Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986), cert. den., 483 U.S. 1021 (1987); Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969), cert. den., 397 U.S. 941 (1970).

On September 25, 2017, ICE sent Onodu a notice that it had received his I-290B Notice of Appeal (Receipt No. EAC1715250603) on April 28, 2017 and had forwarded it to the AAO (Doc. 1-2, p. 9/19). Also on September 25, 2017, ICE advised Onodu it had received his Notice of Appeal (Receipt No. EAC1717150801) on May 22, 2017 and had forwarded it to the AAO (Doc. 1-2, p. 11/19).

On January 30, 2018, the AAO sent Onodu a letter in which it stated it had received his January 29, 2018 inquiry, it had received his case on November 8, 2017, and that it "strives to complete its appellate review within 180 days" (Doc. 1-2, p. 6/9).

On May 10, 2018, Onodu filed a "Motion of Intent for Writ of Mandamus" with the AAO on May 10, 2018 (Doc. 1-2, pp. 3-4/19), advising the AAO he would allow

seven more days for it to complete its review of his appeals, after which he would file a Motion for Writ of Mandamus in this Court.

The AAO sent Onodu a notice that it had terminated his Form I-290B appeal (No. EAC1715250603) and mailed him a termination notice (Doc. 10-1, p. 4/7). Onodu received another notice from the AAO stating it had received his correspondence for Form I-290B Notice of Appeal (No. EAC171750801) and was reviewing the correspondence.

Onodu contends the AAO violated the 180 day deadline for review, and should be compelled by the Court to complete its review of his appeal. However, as it stated in its letter to Onodu, the AAO "strives" to complete its review within 180 days. That is not a promise to review his appeal within 180 days, nor has Onodu cited (and the Court has not found) a statutory deadline for completion of appellate review by the AAO.

Since Onodu has not carried his burden of proving the AAO has a non-discretionary duty to complete an appellate review within 180 days, his Petition for Writ of Mandamus should be denied.

B. Onodu's Motion for an Emergency Stay of Deportation should be denied.

Onodu also asks this Court for an Emergency Stay of Deportation Pending Final Review (Doc. 9). The "final review" Onodu is referring to is this Court's "final decision" on his Petition for Writ of Mandamus.

District courts lack jurisdiction to prevent the execution of removal orders. See Leger v. Young, 464 Fed. Appx 352, 353 (5th Cir. 2012) (citing Fabuluje v.

3

Immigration and Naturalization Agency, 2000 WL 1901410, at *1 (5th Cir. 2000) (the district court correctly determined it was without jurisdiction to consider petitioner's request for an emergency injunction in order to stay removal proceedings because the relief sought was connected with the Attorney General's decision to commence removal proceedings against him); see also Cardoso v. Reno, 216 F.3d 512, 516 (5th Cir. 2000) (citing 8 U.S.C. § 1252(g); Ray v. Reno, 3 F.Supp.2d 1249, 1251 (D. Utah 1998). Therefore, Onodu's motion for Emergency Stay of Deportation (Doc. 9) should be denied by this Court for lack of jurisdiction.

Finally, Onodu filed a "Motion to Expedite," asking the Court to rule on his petition on an expedited basis (Doc. 8). That motion should be denied as moot.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Onodu's Petition for Writ of Mandamus and Stay of Deportation Pending Final Review (Doc. 1) be DENIED.

IT IS RECOMMENDED that Onodu's Motion for Emergency Stay of Deportation (Doc. 9) be DENIED.

IT IS RECOMMENDED that Onodu's Motion to Expedite (Doc. 8) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __15th__ day of June, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge